IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

ZHI LIANG LU and PENG XIANG WANG                     Case #

                Plaintiffs

- against-

COMPASS PROPERTIES ASSOCIATES, INC.,
JOHN WAI aka DING GUANG WAI AND JENNY
ZHANG aka ZHI BIN WAI

                Defendants

---

       Plaintiffs Zhi Liang Li and Peng Xiang Wang, through their undersigned counsel, Joseph LaCome, allege as follows:

## NATURE OF ACTION

    1.    This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C., Secs. 206, 207, and 216(b); New York Labor Law Article 19 Secs. 633 and 652; New York Labor Law Article 6 et sec; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") Sec. 142-2.2; 12NYCRR 142-2.4: and 12 NYCRR Sec. 137-1.7 to recover unpaid wages, overtime compensation owed to Plaintiffs who are or were formerly employed by Defendants Compass Properties Associates, Inc. John Wai. and Jenny Zhang (collectively the "Defendants").

    2.    Beginning about February 1, 2015 until May 31, 2016, Defendants have failed to provide the statutory hourly wage to its employees as required by federal and state law.

    3.    Beginning prior to February 2015, and continuing to the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

4. Under the direction of Compass Properties Associates, Inc.'s ("Compass") Corporate director, owner, and manager, John Wai ("Wai"), Defendants instituted this practice of depriving Plaintiffs of compensation, including overtime wages, for all work as mandated by federal and state law.

5. Plaintiffs have initiated this action seeking compensation, including overtime compensation, that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. 216 (b) and 28 U.S.C. 1331 and 1337.  This court also has supplemental jurisdiction under 28 U.S.C. 1367 for the claims brought under the New York Labor Law.

7. The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. 255(a)

8. The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law 198(3).

## VENUE

9. Venue for this action in the Eastern District of New York under 28 U.S.C. 139(b) is appropriate because the Plaintiffs maintain their residences in the Eastern District of New York and Defendants maintain their corporate address at 33-17 Bowne Street in Flushing, NY, also in the Easterrn District of New York

## THE PARTIES

10. Plaintiffs are individuals residing in the State of New York who have performed and are performing labor for the Defendant, Compass at 10 apartment buildings managed by Compass on 38th Avenue and Bowne Street in Flushing, NY

11. Defendant Compass is a New York corporation with a principal place of business at 37-17 Bowne Street, Flushing, NY 11355

12. Upon information and belief, Defendant John Wai is a resident of New York at Flushing, New York 11355 and at all relevant times was an officer, director and/or owner of Defendant Compass, which is a closely held corporation as defined by the Business Corporation Law.

13. Defendants engage in interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

14. Upon information and belief, Defendant's annual gross volume of sales or services is not less than $500,000.

**FACTS**

15. Beginning prior to February 1, 2015, Defendants employed Plaintiff Zhi Liang Lu (Lu) to perform work in Defendants' building maintenance operations.

16. While working for Defendants, Plaintiff Lu was typically required to start work at about 8:30 AM each day.

17. While working for Defendants, Plaintiff Lu was typically required to cease working at about 5:30 P.M. each day.

18. Plaintiff Lu was typically required to work six (6) days per week.

19. While working for Defendants, Plaintiff Lu did not receive overtime wages, at the rate of one and one-half times (1.5x) the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

20. Beginning March 14, 2015, Defendants employed Plaintiff Pang Xiang Wang ("Wang") to perform work in Defendants' building maintenance operations.

21. While working for Defendants, Plaintiff Wang was typically required to start work at about 8:30 A.M. each day.

22. While working for Defendants, Plaintiff Wang was typically required to cease working at about 5:30 P.M. each day.

23. Plaintiff Wang was typically required to work six (6) days per week.

24.. While working for Defendants, Plaintiff Wang did not receive overtime wages, at the rate of one and one-half times (1.5x) the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

25. Upon information and belief, Defendant John Wai ("Wai) was the Managing Director and/or owner of Defendant Compass, and a) had the power to hire and fire employees for that entity; b) supervised and controlled employee work schedules or conditions of employment for Defendant Compass.; c) determined the rate and method of payment for Compass' employees, and d) maintained employment records for Compass.

26. Upon information and belief, Defendant John Wai is an employer within the meaning of the FLSA.

27. Upon information and belief, Defendant Jenny Zhang had complete control of the alleged activities of Compass which give rise to the claims brought herein.

28. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act, applicable New York State law, and the supporting regulations, by failing to maintain proper and complete timesheets or payroll records.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**FLSA OVERTIME COMPENSATION**

29. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 28 hereof.

30. Pursuant to 29 U.S.C. 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31. Upon information and belief, Defendants failed to pay each of the Plaintiffs overtime wages at the rate of one and one- half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

32. Upon information and belief, the failure of Defendants to pay each Plaintiff their rightfully owed overtime compensation was willful.

33. By the foregoing reasons, Defendants are liable to each Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### NEW YORK OVERTIME COMPENSATION LAW

34 Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 33 hereof.

35. 12 NYCRR 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

36. New York Labor Law Article 19 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he is

5

entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and reasonable attorney's fees."

37. Each of the Plaintiffs worked for the Defendants more than forty hours a week.

38. Defendants failed to pay either of the Plaintiffs overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

39. Consequently, by failing to pay the Plaintiffs overtime compensation for all hours worked in excess of forty (40) hours in any given week, Defendants violated New York Labor Law Article 19 663 and 12 NYCRR 142-2.2.

40. Upon information and belief, the failure of the Defendants to pay each of the Plaintiffs their rightfully owed overtime compensation was willful.

41. By the foregoing reasons, Defendants have violated Labor Law Article 19 663 and 12 NYCRR 142-2.2 and are liable to the Plaintiffs in an amount to be determined at trial, interest attorneys' fees and costs, pursuant to the above cited Labor Law sections.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### FAILURE TO PAY WAGES

42. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 73 hereof.

43. Pursuant to Article Six of the New York Labor Law, workers, such as the Plaintiffs herein, are protected from wage underpayments and improper employment practices.

### FOURTH CAUSE OF ACTION
### UNLAWFUL TERMINATION OF EMPLOYMENT

44. On or about September 8, 2013, Plaintiff Wang was injured in the course of making a delivery for Defendants. The Plaintiff required medical attention for his injuries,

which included broken ribs. Defendants took no responsibility for the medical costs, and moreover, told Plaintiff Li to tell him that he could not return to work when he was able to do so. When Plaintiff Li objected to this action, Plaintiff Li was terminated with Plaintiff Wang.

45. Compass is an employer, as defined by New York Labor Law Article 6 190(3) and the supporting New York State Department of Labor Regulations.

46. John Wai is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 6 190 (3) and the supporting New York State Department of Labor Regulations.

47. Plaintiffs Zhi Liang Lu and Peng Xiang Wang are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 190 (2) and the supporting New York State Department of Labor Regulations.

48. Plaintiffs' agreed upon wage rates and/or overtime compensation rates were within the meaning of New York Labor Law Article 6 190,191.

49. Pursuant to New York Labor Law Article 6 191 and the cases interpreting same, workers such as the Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

50. In failing to pay the Plaintiffs their earned overtime Compensation within the week such wages were due, Defendants violated New York Labor Law Article 6 191.

51. Pursuant to New York Labor Law Article 6 193, "No employer shall make any deduction from the wages of an employee," such as the Plaintiffs herein, that is not otherwise authorized by law or by the employee.

52. By withholding wages and overtime payments for time worked in any given week from Plaintiffs, and taking unauthorized deductions therefrom, pursuant to New York

Labor Law Article 6 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiff.

53. Upon information and belief, Defendants' failure to pay Plaintiffs their earned overtime compensation was willful.

54. By the foregoing reasons, Defendants have violated Labor Law Article 6 198 and are liable to the Plaintiffs in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment:

(1) On their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;
(2) On their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;
(3) On their third cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law Sections;
(4) On their fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs.
(5) Such other and further relief as the Court may deem just and proper.

Dated: August 20, 2016

/s/ Joseph LaCome
Joseph LaCome, TX # 24083347
455 Main St., Suite 103
New Rochelle, NY 10801
Ph. 415-847-1944
Attorney for the Plaintiffs

8